No. 12,186.

PORTER *v.* JOHNSON.

Decided March 29, 1929.

Mr. O. A. JOHNSON, Mr. GUY D. DUNCAN, for plaintiff in error.

Messrs. GOSS & HUTCHINSON, Mr. CHARLES D. BROMLEY, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE WHITFORD delivered the opinion of the court.

THIS is an election contest, for the office of mayor for the town of Lafayette. The official canvas of the vote

disclosed that Johnson, the defendant in error, received 229 votes, and Porter, the plaintiff in error, 228 votes, and Brown 178 votes. Porter brought the action below, to contest the right of Johnson to the office. From a judgment in favor of the contestee Porter brings the case here for review, on error.

The first question for determination is the validity of the ballots cast by six school teachers of the town of Lafayette; second, if any ballots so cast shall be determined to be illegal then it must be determined which one of the three candidates received the benefit of the illegal vote, and from whose total vote shall be made the deduction of the illegal vote.

All of these teachers were personally present in court, and gave their testimony in open court upon the trial. Their written contracts with the school board obligated them to actually live in the town of Lafayette, and to be present and participate in all school and social functions and community affairs. They each testified that they moved to Lafayette with the intention of making Lafayette their place of residence. Whether a change of residence has been effected must in all cases depend upon the facts. The evidence considered by the trial court is sufficient to support the findings of fact from which the trial court deduced the conclusions that these teachers had actually moved into the town of Lafayette with the intention of establishing a permanent residence, and these findings, upon the showing made, will not be disturbed upon review. However, the court found that while Mrs. Blakeman was a resident she had not re- sided in her election precinct in which she voted for the required statutory period of 30 days prior to the day of the election. But for whom did she vote? Did she vote for Porter, Johnson, or Brown? Contestor alleges, in his statement, that she voted for Johnson, but there is no testimony in the record to prove that averment. The burden was on the contestor to prove this necessary allegation in his statement of contest.

442

In this state of the record the Blakeman ballot could not be deducted from Johnson's total vote, shown by the official canvas, in the absence of testimony that she cast her vote for him.

We find no reversible error in the record, and the judgment must be affirmed.

Mr. Justice Adams, Mr. Justice Campbell and Mr. Justice Alter concur.